IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| HOWARD, JONES, JR. | : | NO.   04-0004 |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| HOWARD, JONES, JR. | : | NO.   07-0812 |

**ORDER-MEMORANDUM**

**AND NOW**, this 11th day of January, 2008, upon consideration of Petitioner Howard Jones, Jr.'s <u>pro se</u> Petition for Habeas Corpus pursuant to 28 U.S.C. § 2255 (Docket No. 82), and all papers filed in connection therewith, the Government's Motion to Dismiss (Docket No. 85), and all papers filed in connection therewith, and following a hearing held on January 10, 2008, **IT IS HEREBY ORDERED** as follows:

1. Government's Motion to Dismiss is **DENIED**.

2. The Petition for Habeas Corpus is **GRANTED** in that the sentence imposed on April 4, 2006 is **VACATED**.

3. The Clerk of Court is directed to notify the Chief Judge to reassign this matter to another judge of the Eastern District of Pennsylvania for purposes of resentencing.

Petitioner Howard Jones filed a motion pursuant to 28 U.S.C. § 2255 alleging that the Government breached the terms of his Plea Agreement. The Government filed a Motion to Dismiss the Petition based on Jones's waiver of the right to collaterally attack his sentence contained in the same Plea Agreement.

**I.      BACKGROUND**

On January 6, 2004, a three-count indictment was entered against Jones charging him with possession with intent to distribute marijuana, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. On May 20, 2004, Jones entered a guilty plea as to Counts 1, 2, and 3. The Plea Agreement contains the following pertinent provision:

> The parties agree that if the defendant is found or enters a plea of guilty arising out of his arrest on April 10, 2003, in Montgomery County, Pennsylvania, the parties will move the Court to schedule the sentencing in this federal case subsequent to the defendant's sentencing in the related case in Montgomery County, Pennsylvania. The government takes no position on whether any sentence imposed by the Court should run consecutive to or concurrent with any sentence imposed by Montgomery County, Pennsylvania. Defendant may move that Court at the time of sentencing for the imposition of a federal sentence that runs concurrent with the sentence imposed, if any, by Montgomery County, Pennsylvania pursuant to U.S.S.G. § 5G1.3(c).

(Plea Agreement ¶ 11) ("Paragraph 11"). Prior to the resolution of his Montgomery County charges, we sentenced Jones on April 4, 2006 to 120 months imprisonment, to run consecutively to any state sentence imposed.

The conduct for which Jones was prosecuted and sentenced in our Court is described in the Pre-Sentence Investigation Report ("PSI") as follows. On April 10, 2003, members of the Montgomery County District Attorney's Office, Detective Division, Pennsylvania State Police, Pennsylvania Attorney General's Office, Bureau of Narcotics Investigation and the Philadelphia Police Department executed a search warrant at Jones's residence, at 119 Pensdale Street. During the execution of the search warrant, officers located two guns and approximately 2 lbs. of marijuana. (PSI July 19, 2004, revised July 18, 2005, at 2).

After his sentencing in federal court, Jones returned to Montgomery County to face state charges involving conspiracy to distribute cocaine. Jones eventually pled guilty and was sentenced to 6 to 12 years consecutive to his federal sentence.

The PSI contains the following remarks with respect to the Montgomery County charges:

> In 2003, the Norristown Police Department was investigating a corrupt organization which distributed large amounts of controlled substances. The investigation involved electronic surveillance on several telephone lines through which Jones was identified. Jones used communication devices in his portion of the corrupt organization to set up drug transactions. It appears that the instant offense is in some way related to this larger scheme.

(Id. at 9-10).

The parties agree that on July 20, 2004, Assistant United States Attorney Salvatore Astolfi wrote a letter to Detective Mood of the Montgomery County, Pennsylvania District Attorney's Office. The letter states, in part:

> As you know, Howard Jones was charged in a federal Criminal Complaint on October 30, 2003. Pursuant to a warrant issued on that Criminal Complaint, Jones was taken into federal custody on November 26, 2003. He was subsequently indicted by a federal grand jury on December 16, 2003, and on May 20, 2004, he plead [sic] guilty to the indictment.
>
> I understand that Mr. Jones has charges pending in your jurisdiction on unrelated matters. I am writing to inform you that Mr. Jones is awaiting sentencing on his federal charges and will not be available until the conclusion of his federal case.

(Exhibit to Docket No. 80.) Jones asserts that this letter made it impossible for him to be sentenced in Montgomery County prior to his sentencing in his federal case and that this letter constitutes a breach of the Plea Agreement. He argues that the only reason Astolfi wrote this letter was to

3

undermine and deny Jones the benefit of Paragraph 11 of his Plea Agreement. Jones contends that absent the letter from Astolfi, he could have proceeded on the Montgomery County charges, and if he was found guilty, he would have been sentenced on these charges prior to his sentencing in his federal case. The Government contends that it did not breach the terms of the Plea Agreement, and that we should enforce the waiver of the right to collaterally attack his conviction and sentence contained in the Plea Agreement.

We conducted a hearing on the Petition and the Government's Motion to Dismiss on September 27, 2007. At the conclusion of the hearing we appointed counsel for Petitioner. A second hearing was held on January 10, 2008.

## II.    STANDARD

A defendant who signs an appellate waiver may nonetheless appeal if the Government breaches its obligations under the plea agreement. United States v. Moscahlaidis, 868 F.2d 1357 (3d Cir. 1989). Whether the Government has violated the terms of a plea agreement is a question of law. United States v. Wilder, 15 F.3d 1292, 1295 (3d Cir. 1994). "In determining whether the terms of the plea bargain have been violated, the court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." Id. (quoting United States v. Valencia, 985 F.2d 758, 761 (5th Cir. 1993)). The Government must strictly adhere to the terms of plea agreements it enters into with defendants. United States v. Hodge, 412 F.3d 479, 485 (3d Cir. 2005). Plea agreements, though they occur in the context of criminal cases, remain contractual in nature and are to be analyzed under contract law standards. Moscahlaidis, 868 F.2d at 1361 (citing cases). However, courts should also ensure that the plea bargaining process is "attended by safeguards to insure that the defendant [receives] what is reasonably due in the circumstances."

Santobello v. New York, 404 U.S. 257, 262 (1971).  Consequently, the government cannot rely on a rigidly literal interpretation of the plea agreement.  Moscahlaidis, 868 F.2d at 1361 (citing cases).  Due to the Government's tremendous bargaining power, when a plea agreement is ambiguous, it should be construed strictly against the Government as it is the drafter of the plea agreement.  United States v. Baird, 218 F.3d 221, 229 (3d Cir. 2000).

When the Government breaches the terms of a plea agreement with a defendant, the defendant's sentence must be vacated and the district court must either allow the defendant to withdraw his plea or grant specific performance of the plea agreement.  Santobello v. New York, 404 U.S. 257, 263 (1971); see also United States v. Nolan-Cooper, 155 F.3d 221, 241 (3d Cir. 1998).  This course of action is appropriate even if the breach is inadvertent and did not influence the judge in the sentence imposed.  United States v. Martin, 788 F.2d 184, 187 (3d Cir. 1986).  Additionally, when the district court decides that specific performance is the preferable remedy, resentencing should occur before a different judge.  Nolan-Cooper, 155 F.3d at 241; see also United States v. Corsentino, 685 F.2d 24, 52 (2d Cir. 1982) (finding that although the need for resentencing was entirely the fault of the prosecutor, compliance with the plea agreement was best ensured by requiring resentencing before another district judge).

### III.  DISCUSSION

Based on the submissions by the parties and the oral arguments presented at the hearings on January 10, 2008 and September 27, 2007, we conclude that the Government breached the terms of the Plea Agreement.

The Government has stated that it understood the terms of Paragraph 11 to mean that the Government was obligated to put off Jones's federal sentencing until after his Montgomery County

case was disposed of and to move the Court to that effect. (N.T. 9/27/07 37:6-14.) The Government has also conceded that the prosecution by Montgomery County was delayed as a result of the letter from the Government informing Montgomery County officials that Jones was in federal custody and that he would not be available until the federal case was completed. (N.T. 9/27/07 at 22:18-24.) The Government, however, argues that it did not breach the Plea Agreement because the letter simply facilitated Jones's cooperation with the federal government and because it took other steps in order to satisfy its obligations under Paragraph 11. In that regard, the Government notes that it solicited a guilty plea offer from the Montgomery County District Attorney's Office at Jones's request. The Government states that Jones rejected this plea offer because he wished to dispute the Montgomery County charges rather than resolve them with a guilty plea. (See Affidavit of former A.U.S.A. Jack Stollsteimer.)

      The Government's obligation under Paragraph 11 of the Plea Agreement to delay federal sentencing depended upon one of the following two conditions being satisfied: (1) Jones is found guilty of the state charges, or (2) Jones enters a plea agreement with respect to the state charges. The Government argues that it did not breach the agreement by sending the letter, because it took steps to satisfy the second condition precedent in the Plea Agreement by pursuing a guilty plea on the Montgomery County charges. However, the fact that the Government engaged in conduct that prevented the satisfaction of one of the conditions precedent, cannot be justified by claims that it took steps to facilitate the satisfaction of the alternative condition precedent. We conclude, therefore, that the letter sent by Astolfi precluded Jones from proceeding on the Montgomery County charges prior to his sentencing in federal court, and that the Government's conduct violated the parties' reasonable understanding of the terms of the Plea Agreement.

We also conclude that the appropriate remedy in this case is for Petitioner to receive the benefit of his bargain, that is, his federal sentencing should have been continued until after his state charges were resolved.  Consequently, we vacate Petitioner's sentence of April 4, 2006.[1]

                         BY THE COURT:

                         s/ John R. Padova, J.
                         John R. Padova, J.

---

[1] Prior to resentencing, this case will be transferred to another judge in this district.  See Nolan-Cooper, 155 F.3d at 241.